# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

STEVEN R. HASTINGS                                                                  PLAINTIFF
ADC #171672

V.                              No. 3:20CV163-DPM-JTR

MARJORIE HALL, Health Services
Administrator, North Central Unit, *et al.*                                      DEFENDANTS

## ORDER

Plaintiff Steven R. Hastings ("Hastings") is a prisoner in the North Central Unit of the Arkansas Division of Correction. He has filed a *pro se* § 1983 Complaint alleging that Defendants violated his constitutional rights. *Doc. 2*. Before Hastings may proceed with this case, the Court must screen his claims.[1]

Hastings alleges that, between February and May 2020, Defendants Health Services Administrator Marjorie Hall, Dr. Marty Hearyman, Warden Nurzuhal Faust, Deputy Warden Robert L. Pierce, and Chief of Security Keith Day violated his constitutional rights by refusing to allow him to "sign a waiver" for a diabetic meal tray. He alleges that, despite his explicit instructions to the contrary, Defendants Sergeant Gary W. Qucon, Sr., Sergeant Alec J. Wilbur, Sergeant Ian W.

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Ward, and Kyle J. Lebouef served him diabetic meal trays for about eleven weeks (three meals per day for eleven weeks equals 231 meals). He also makes the vague allegation that "all Defendants" refused to remove the restriction requiring him to receive a diabetic meal tray "in retaliation and punishment." According to Hastings, until this restriction was finally removed, on May 20, 2020, he was forced to eat 231 diabetic meals or go without food. *Doc. 2 at 6-7.*

Finally, Hastings names Food Service Supervisor Val Green, Food Service Supervisor Steven Kozmur, Head Food Supervisor Alex Bentley, Rick Gillespie, and Tillman Treat as Defendants, but does not make any factual or legal allegations against them.

Hastings must provide the Court with additional information so it can complete the screening required under § 1915A. Thus, he must file an Amended Complaint explaining: (1) whether he is a diabetic and, if so, whether he is insulin dependent; (2) any other medical reason why he might have been placed on a diabetic meal plan; (3) how he was *physically* harmed by eating diabetic meals for about three months; (4) the role and *personal involvement* of each Defendant in the decision that he receive a diabetic meal tray; and (5) the reason he believes *each* of the named Defendants was motivated to "retaliate and punish" him by refusing to remove that dietary restriction for about three months.

IT IS THEREFORE ORDERED THAT:

1. The Clerk is directed to mail Hastings a § 1983 complaint form that is labeled "Amended Complaint."

2. Hastings must file, **within thirty (30) days of the date of this Order,** an Amended Complaint that complies with the instructions in this Order. If he does not timely and properly do so, this case will be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2).

DATED this 23rd day of June, 2020.

_____
UNITED STATES MAGISTRATE JUDGE