# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

STEVEN R. HASTINGS      PLAINTIFF
ADC #171672

V.     No. 3:20CV163-DPM-JTR

MARJORIE HALL, Health Services
Administrator, North Central Unit, *et al.*     DEFENDANTS

## ORDER

Plaintiff Steven R. Hastings ("Hastings") has filed a Motion to Appoint Counsel in this § 1983 action. *Doc. 5.*

A *pro se* litigant does not have a statutory or constitutional right to have counsel appointed in a civil case. *Patterson v. Kelley,* 902 F.3d 845, 850 (8th Cir. 2018); *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006). However, the Court may, in its discretion, appoint counsel if the *pro se* prisoner has stated a non-frivolous claim and "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson,* 902 F.3d at 850 (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)). In making this determination, the Court must weigh and consider the following factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the existence of conflicting testimony; and (4) the plaintiff's ability to present his claims. *Id.*; *Phillips*, 437 F.3d at 794.

In his Complaint and two Amended Complaints, Hastings alleges that Defendants subjected him to unconstitutional conditions of confinement and retaliated against him by forcing him to accept a diabetic meal tray for eleven weeks, or go without eating. These claims are not legally or factually complex. Although Hastings points to his limited education, lack of legal experience, and psychological history, he appears capable of presenting his claims at this time without the benefit of appointed counsel. After Defendants have been served and have filed an Answer or Motion to Dismiss, Hastings may utilize the discovery processes to obtain further information to litigate his claims.

After carefully considering the pertinent factors, the Court concludes that, at this early stage in the proceeding, they do not weigh in favor of appointment of counsel. Thus, Hastings's Motion to Appoint Counsel is DENIED.

IT IS THEREFORE ORDERED THAT:

1. Hastings's Motion to Appoint Counsel (*Doc. 5*) is DENIED.

2. Hastings's Motion for Status (*Doc. 8*) is GRANTED. The Court is directed to send him an updated copy of the docket sheet.

DATED this 5th day of November, 2020.

_____
UNITED STATES MAGISTRATE JUDGE