# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### NORTHERN DIVISION

**STEVEN HASTINGS**
**ADC #171672**                                                                    **PLAINTIFF**

**v.**                      **No. 3:20-cv-160-DPM**

**STEVEN R. PUCKETT, Corporal, North**
**Central Unit; and SHAWN RICHARD,**
**Psychiatrist, Wellpath**                                        **DEFENDANTS**

**STEVEN HASTINGS**
**ADC #171672**                                                                    **PLAINTIFF**

**v.**                      **No. 3:20-cv-163-DPM**

**KYLE J. LEBOUEF, Corporal, NCU;**
**KEITH DAY, Chief of Security, NCU;**
**and MARTY HEARYMAN, Doctor, NCU;**                **DEFENDANTS**

## ORDER

1.      On *de novo* review, the Court adopts Magistrate Judge Volpe's careful recommendations, *Doc. 426 & 428*, and overrules Hastings' objections, *Doc. 429*.   FED. R. CIV. P. 72(b)(3).

2.      Dr. Richard provided adequate medical treatment for Hastings' psychiatric needs.   Dr. Richard's motion, *Doc. 411*, is therefore granted.   The claims against Dr. Richard in the lead case will be dismissed with prejudice.

**3.**    Dr. Hearyman provided adequate medical care for Hastings's diabetes-related needs.   Dr. Hearyman's motion, *Doc. 411*, is therefore granted.   The claims against Dr. Hearyman in the consolidated case will be dismissed with prejudice.

**4.**    The official-capacity claims for money damages against Puckett, Lebouef, and Day are barred by sovereign immunity.   Those claims will be dismissed with prejudice.

**5.**    The individual-capacity claims against Puckett fail because Hastings was not harmed by the alleged inadequate medical care and his punishment was enforced by neutral decision maker.   The claim for prospective injunctive relief fails for the same reasons.   Puckett's motion, *Doc. 408*, is granted.   The claims against Puckett in the lead case will be dismissed with prejudice.

**6.**    The individual-capacity retaliation claims against Lebouef and Day fail because Hastings hasn't provided sufficient proof of a retaliatory motive as to those prison officials' roles in implementing the dietary restrictions ordered by Hastings's medical providers.   In addition, as to the claim against Day, Hastings hasn't identified a constitutionally protected activity that spurred Day's alleged retaliation.   The claim for prospective injunctive relief fails for the same reasons.   Lebouef and Day's motion, *Doc. 408*, is therefore granted.   The claims against them in the consolidated case will be dismissed with prejudice.

- 2 -

7.     An *in forma pauperis* appeal from this Order and implementing Judgment in each case would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

8.     Hastings's pending motions, *Doc. 430 & 431*, are denied without prejudice as moot.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

9 August 2022